# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DANIEL HALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:18CV58 JMB |
| | ) |
| CHANTAY GODERT, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the case, the Court has determined that petitioner is not entitled to relief as the specific grounds outlined in his petition are not cognizable under habeas corpus. Moreover, even if petitioner could attain relief under habeas corpus, his petition would have to be summarily dismissed because of petitioner's failure to exhaust available and adequate state remedies before invoking federal habeas corpus jurisdiction.

Petitioner, a state prisoner, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 and suggestions in support. In his filings, petitioner asks for immediate release from prison because he alleges his due process rights were violated when he was charged with a conduct violation on January 24, 2018 for possession of an intoxicating substance. Petitioner was found with a crystallized substance in his cell that tested positive as methamphetamine. Petitioner claims he is innocent of the charge, and that the substance was crushed soap. He states his rights have been violated because the state did not save the evidence for retesting. Because petitioner was issued a conduct violation, the board of probation and parole extended his conditional release date by a year.

**Discussion**

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a denial of a constitutional issue are not cognizable in a federal habeas petition. *E.g.*, *Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). The instant petition, relating to the board of probation and parole's extension of petitioner's presumptive release date because of a conduct violation, does not state a denial of a constitutional issue cognizable in this proceeding.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 12 (1979). A state's parole statutes and regulations, however, may create a liberty interest that is entitled to protection. *Id.* at 12; *Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995). The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." *Marshall*, 57 F.3d at 672. Additionally, the Missouri parole guidelines are not mandatory. *See* 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances may warrant decisions outside the guidelines."). So, the parole guidelines do not create a constitutionally protected liberty interest such that petitioner would be entitled to relief on his habeas petition. *See also Rentschler v. Nixon*, 311 S.W.3d 783 (Mo. 2010).

To the extent petitioner argues that officials did not follow Missouri Department of

Corrections Policy No. D5-7.1, which petitioner alleges requires that evidence be stored until the conclusion of the grievance appeal process, this also does not set forth a claim of denial of constitutional due process. Despite petitioner's assertion, there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. *See Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Any liberty interest must be an interest in the nature of the prisoner's confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined. *Id.*

Even if petitioner's argument was cognizable under § 2254, his petition would still be subject to dismissal. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole board's decision: by bringing a declaratory action against the board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Mo. Bd. of Prob. & Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). Petitioner did not exhaust these available state remedies before bringing this action. As a result, the Court will dismiss the petition without prejudice.

For these reasons, petitioner's application for writ of habeas corpus will be dismissed. Additionally, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court will not issue a certificate of appealabilty.

Accordingly,

**IT IS HERBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED without prejudice.**

An order of dismissal will accompany this memorandum and order.

Dated this 18th day of July, 2018

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE